FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

06 JAN 31 PM 12: 16

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| BELL MICROPRODUCTS, INC., a California Corporation, ) ) ) | |
| PLAINTIFF, ) ) | |
| VS. ) ) ) | CASE NO. |
| MARKET DEVELOPMENT SPECIALISTS, INC., an Indiana Corporation, ROMAINE, INC., an Indiana Corporation, KOLDCARE, an Indiana Corporation, WINTERGREEN SYSTEMS, an Indiana Corporation, RETROBYTES, an Indiana Corporation, MEDICAL MICROTECH CORPORATION, an Indiana Corporation, and JOHN LEVY, an Individual, ) ) ) ) ) ) ) ) ) ) | 3:06CV0082 JM |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff Bell Microproducts, Inc. ("Bell Microproducts") by counsel, for its Complaint against Defendants, Market Development Specialists, Inc. ("MDS"), Romaine, Inc. ("Romaine"), Koldcare, Wintergreen Systems, Retrobytes, Medical Microtech ("Medical Microtech"), and John Levy ("Levy") collectively referred to herein as the "Defendants", hereby allege as follows:

### THE PARTIES

1. Bell Microproducts is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1941 Ringwood Avenue, San Jose, California 95131-1721.

2. Upon information and belief, MDS is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 2510 Sterling Avenue, Elkhart, Indiana 46516.

3. Upon information and belief, Romaine is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at 2510 Sterling Avenue, Elkhart, Indiana 46516.

4. Upon information and belief, Defendant Koldcare is an assumed business name of Defendant Romaine.

5. Upon information and belief, Defendant Wintergreen Systems is an assumed business name of Defendant MDS.

6. Upon information and belief, Retrobytes is an assumed business name of Defendant MDS.

7. Upon information and belief, Medical Microtech Corporation ("Medical Microtech") is or was an Indiana corporation with its principal place of business at 517 Lincolnway East, Mishawaka, Indiana 46544.

8. Upon information and belief, Levy is an individual residing at 16995 Shandwick Lane, Granger, Indiana, 46530.

## JURISDICTION AND VENUE

9. Jurisdiction over this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (c) because a substantial part of the events giving rise to Bell Microproducts' claim occurred here, because

MDS, Romaine and Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech do business in this district, and because Levy resides in this district.

## COUNT I
### Account

11. Bell Microproducts manufactures and distributes electronic components used in the manufacture of computers, computer systems, and related products.

12. MDS manufactures computers, computer systems, and computer products for sale to governmental entities and the public.

13. Bell Microproducts, at MDS's special instance and request, has provided to MDS electronic components used by MDS in the manufacture of computers, computer systems and related products, and MDS agreed to pay Bell Microproducts for said electronic components provided to MDS by Bell Microproducts.

14. Despite demand therefor, MDS has failed and/or refused to pay Bell Microproducts for the electronic components shipped to MDS by Bell Microproducts at MDS's special interest and request and the sums demanded are delinquent and past due.

15. MDS is currently in debt to Bell Microproducts in an amount at least equal to the sum of Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), plus interest and applicable fees and charges, for electronic components shipped to MDS by Bell Microproducts, plus interest.

WHEREFORE, Plaintiff Bell Microproducts, by counsel, respectfully requests this Court enter judgment in its favor and against Defendant Market Development Specialists, Inc. in an amount to be determined by the evidence, plus interest, plus costs, and plus all other just and proper relief.

## COUNT II

### Breach of Contract (Guaranty of Romaine)

16. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

17. To induce Bell Microproducts to extend credit to MDS, Romaine executed and delivered to Bell Microproducts a certain guaranty in favor of Bell Microproducts dated June 17, 2004 (the "Romaine Guaranty"), true and accurate copy which is attached hereto as Exhibit 1. Pursuant to the Romaine Guaranty, Romaine agreed, among other things, to become directly and unconditionally liable for the obligations of MDS to Bell Microproducts (including reasonable attorneys' fees and costs, plus interest at a rate of 12% per annum or the maximum rate permitted by law, whichever is the less) as those obligations may be accelerated by Bell Microproducts upon MDS's failure to pay such liabilities when due. The Guaranty further provides that Bell Microproducts need not exhaust its rights of recourse against MDS or any other person before becoming entitled to payment from Romaine.

18. As of the date hereof, Bell Microproducts is owed a delinquent, outstanding balance of Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), (including principal and interest accrued through January 30, 2006) plus per diem interest from and after January 30, 2006 an amount of Three Thousand One Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,182.76) per day, and attorneys' fees and costs.

19. Pursuant to the terms and conditions of the Romaine Guaranty, Romaine is jointly and severally liable to Bell Microproducts for the MDS indebtedness.

WHEREFORE, Plaintiff Bell Microproducts, by counsel, respectfully requests this Court enter judgment in its favor and against Defendants MDS and Romaine,

(a)     awarding Bell Microproducts Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), plus per diem interest from and after January 30, 2006 in the amount of Three Thousand One Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,182.76);

(b)     awarding Bell Microproducts its reasonable attorneys' fees incurred in connection with collection of the amounts due from MDS and Romaine; and

(c)     granting other such and further relief as the Court deems fair and equitable.

## COUNT III
### Breach of Contract (Guaranty of Levy)

20.     Plaintiff realleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

21.     To induce Bell Microproducts to extend credit to MDS, Levy executed and delivered to Bell Microproducts a certain guaranty in favor of Bell Microproducts, (the "Levy Guaranty"), a true and accurate copy which is attached hereto as Exhibit 2. Pursuant to the Levy Guaranty, Levy agreed, among other things, to become directly and unconditionally liable for the obligations of MDS to Bell Microproducts (including reasonable attorneys' fees and costs, plus interest at a rate of 12% per annum or the maximum rate permitted by law, whichever is the less) as those obligations may be accelerated by Bell Microproducts upon MDS's failure to pay such liabilities when due. The Guaranty further provides that Bell Microproducts need not exhaust its rights of recourse against MDS or any other person before becoming entitled to payment from Levy.

22. As of the date hereof, Bell Microproducts is owed a delinquent, outstanding balance of Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), (including principal and interest accrued through January 30, 2006) plus per diem interest from and after January 30, 2006, an amount of Three Thousand One Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,182.76) per day, and attorneys' fees and costs.

23. Pursuant to the terms and conditions of the Levy Guaranty, Levy is jointly and severally liable to Bell Microproducts for the MDS indebtedness.

WHEREFORE, Plaintiff Bell Microproducts, by counsel, respectfully requests this Court enter judgment in its favor and against Defendants MDS and Levy,

(a) awarding Bell Microproducts Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), plus per diem interest from and after January 30, 2006 in the amount of Three Thousand One Hundred Eighty-Two and Seventy-Six Cents ($3,182.76);

(b) awarding Bell Microproducts its reasonable attorneys' fees incurred in connection with collection of the amounts due from MDS and Levy; and

(c) granting other such and further relief as the Court deems fair and equitable.

## COUNT IV
### Breach of Contract (Guaranty of Koldcare, Wintergreen Systems Retrobytes and Medical Microtech)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

25. To induce Bell Microproducts to extend credit to MDS, Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech, executed and delivered to Bell Microproducts a

6

certain guaranty in favor of Bell Microproducts dated December 22, 2004 ("Guaranty of the Koldcare Defendants"), true and accurate copy which is attached hereto as Exhibit 3. Pursuant to the Guaranty of the Koldcare Defendants, Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech, agreed, among other things, to become directly and unconditionally liable for the obligations of MDS to Bell Microproducts (including reasonable attorneys' fees and costs, plus interest at a rate of 12% per annum or the maximum rate permitted by law, whichever is the less) as those obligations may be accelerated by Bell Microproducts upon MDS's failure to pay such liabilities when due. The Guaranty further provides that Bell Microproducts need not exhaust its rights of recourse against MDS or any other person before becoming entitled to payment from Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech

26. As of the date hereof, Bell Microproducts is owed a delinquent, outstanding balance of Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), (including principal and interest accrued through January 30, 2006) plus per diem interest from and after January 30, 2006, an amount of Three Thousand One Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,182.76), and attorneys' fees and costs.

27. Pursuant to the terms and conditions of the Guaranty of the Koldcare Defendants, Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech, are jointly and severally liable to Bell Microproducts for the MDS indebtedness.

WHEREFORE, Plaintiff Bell Microproducts, by counsel, respectfully requests this Court enter judgment in its favor and against Defendants MDS, Koldcare, Wintergreen Systems, Retrobytes and Medical Microtech ,

(a) awarding Bell Microproducts Nine Million Six Hundred Eighty Thousand, Nine Hundred Five Dollars and Eighty-Seven Cents ($9,680,905.87), plus per diem interest from and

after January 30, 2006 in the amount of Three Thousand One Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,182.76);

      (b)    awarding Bell Microproducts its reasonable attorneys' fees incurred in connection with collection of the amounts due from MDS and Guaranty of the Koldcare Defendants; and

      (c)    granting other such and further relief as the Court deems fair and equitable.

_____
Jeffery A. Johnson (5009-71)
Christopher R. Putt (21053-71)
Attorneys for Plaintiff

MAY OBERFELL LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789